UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

STEVEN WAYNE PRATT,

    Petitioner,

v.                                                                     Case No. 3:16cv267/LC/CJK

JULIE L. JONES,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed under 28 U.S.C. § 2254. (Doc. 1). Respondent moves to dismiss the petition as untimely, providing relevant portions of the state court record. (Doc. 13). Petitioner opposes the motion. (Doc. 15). Respondent provided supplemental briefing at the court's request. (Doc. 19). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After careful consideration, the undersigned concludes that no evidentiary hearing is required for the disposition of this matter. Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts. The undersigned further concludes that the pleadings and attachments before the court show that the petition is timely.

## BACKGROUND AND PROCEDURAL HISTORY

On June 13, 2005, petitioner was charged in Escambia County Circuit Court Case Number 05-CF-2525, with one count of first degree premeditated murder. (Doc. 13, Ex. A, p. 1).[1] An indictment followed. (Ex. A, pp. 2-3). On September 1, 2006, petitioner executed a written plea form titled "Sentence Recommendation", in which he entered a counseled, negotiated plea of guilty to second degree murder with sentence to be determined by the court. (Ex. A, pp. 47-50). Following a plea colloquy, the court accepted petitioner's plea, adjudicated him guilty of second degree murder and set the matter for a sentencing hearing. (Ex. A, pp. 80-99). After hearing, the court sentenced petitioner to life in prison. (Ex. A, pp. 100-56). Judgment was rendered November 30, 2006. (Ex. A, pp. 53-60). The Florida First District Court of Appeal (First DCA) affirmed the judgment on April 8, 2009, per curiam and without a written opinion. *Pratt v. State*, 6 So. 3d 611 (Fla. 1st DCA 2009) (Table) (copy at Ex. C).

On May 19, 2009, petitioner filed a *pro se* motion to modify sentence under Florida Rule of Criminal Procedure 3.800(c). (Ex. E). The sentencing court denied the motion on August 21, 2009. (Ex. G). The order was not appealable. *See Mitchell*

---

[1] Citations to exhibits are to those provided at Doc. 13, unless otherwise noted. When a particular page of an exhibit has more than one page number, the court cites the Bates stamp number. Where there is no Bates stamp number, the court cites the number appearing at the bottom center of the page.

*v. State*, 719 So. 2d 1258 (Fla. 1st DCA 1998) (holding that a Rule 3.800(c) motion "is addressed to the discretion of the trial court; thus, an appellate court "has no jurisdiction to review the correctness of the trial court's disposition of the motion."); *Edwards v. State*, 53 So. 3d 1131 (Fla. 1st DCA 2011) (observing that a trial court's order denying a motion to mitigate sentence under Rule 3.800(c) is "not an appealable order").

On May 4, 2010, petitioner filed a *pro se* motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. (Ex. H, pp. 36-55). On June 1, 2010, petitioner filed a "Motion for Leave to Amend Defendant's First 3.850 – Motion for Post-Conviction Relief", in which petitioner requested "leave to amend his first 3.850 motion." (Ex. H, pp. 56-58). By order rendered June 24, 2010, the state circuit court treated petitioner's motion to amend "as a motion for voluntary dismissal" and entered the following order:

> 1. Defendant's "Motion for Leave to Amend Defendant's First 3.850 – Motion for Postconviction Relief," is **GRANTED**;FN1 and,
>
>> FN1 Defendant should be mindful of the time limitations contained in rule 3.850. Although the Court is granting Defendant leave to file an amended motion, if Defendant subsequently files an *untimely* motion, the Court will dismiss it with prejudice as time-barred.
>
> 2. Defendant's "Motion for Postconviction Relief" is hereby **DISMISSED WITHOUT PREJUDICE**.

(Ex. H, pp. 59-60). Petitioner filed an amended Rule 3.850 motion on July 12, 2010. (Ex. H, pp. 61-83). On October 21, 2010, the state circuit court struck petitioner's amended motion as facially insufficient with leave to amend. (Ex. H, pp. 84-86). After extension of the time to amend, petitioner filed a second amended Rule 3.850 motion on April 16, 2013. (Ex. H, pp. 123-162). The circuit court granted a limited evidentiary hearing, and appointed postconviction counsel for petitioner. (Ex. H, pp. 199-200 (order), Ex. H, pp. 201-245 (transcript of hearing)). After hearing, the court denied relief. (Ex. H, pp. 246-290). The First DCA affirmed, per curiam and without a written opinion. *Pratt v. State*, 185 So. 3d 1238 (Fla. 1st DCA 2016) (Table) (copy at Ex. L). The mandate issued March 15, 2016. (Ex. M). On March 31, 2016, petitioner filed a motion to recall the mandate and for an extension of time to move for rehearing. (Ex. N). The First DCA denied the motion on April 8, 2016. (Ex. O). Petitioner nonetheless filed a motion for rehearing, rehearing en banc and certification (Ex. P), which the First DCA denied. (Ex. Q).

Petitioner filed his federal habeas petition on June 7, 2016. (Doc. 1, p. 1). Respondent asserts the petition is time barred. (Docs. 13, 19).

## DISCUSSION

Because petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the

*Page 5 of 9*

AEDPA governs this petition. *Lindh v. Murphy*, 521 U.S. 320, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997). AEDPA establishes a 1-year period of limitation for a state prisoner to file a federal application for a writ of habeas corpus. 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of:

>  (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>  (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>  (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>  (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1). The limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending". 28 U.S.C. § 2244(d)(2).

Petitioner has not asserted that a State-created impediment to his filing a federal habeas petition existed, that he bases his claims on a right newly recognized by the United States Supreme Court, or that the facts supporting his claims could not

*Case No.3:16cv267/LC/CJK*

have been discovered through the exercise of due diligence before his conviction became final. Accordingly, the statute of limitations is measured from the remaining trigger, which is the date on which petitioner's conviction became final. *See* 28 U.S.C. § 2244(d)(1).

Petitioner's judgment of conviction was affirmed on direct appeal on April 8, 2009. Petitioner did not seek further review. Petitioner's conviction became "final" for purposes of § 2244(d), on July 7, 2009, when the ninety-day period for seeking certiorari from the United States Supreme Court expired.[2] *See* 28 U.S.C. § 2244(d)(1); *Bond v. Moore*, 309 F.3d 770, 773 (11th Cir. 2002) (holding that limitations period began to run when the time expired for filing a petition for certiorari with the United States Supreme Court).

The limitations period began to run one day later on July 8, 2009, and expired one year later on July 8, 2010, absent tolling. *See San Martin v. McNeil*, 633 F.3d 1257, 1266 (11th Cir. 2011) (holding that Federal Rule of Civil Procedure 6(a)(1) applies to calculation of AEDPA's one-year limitations period; thus, the limitations period begins to run from the day after the day of the event that triggers the period); *Downs v. McNeil*, 520 F.3d 1311, 1318 (11th Cir. 2008) (holding that the limitations

---

[2] The 90-day period for filing in the United States Supreme Court a petition for writ of certiorari seeking review of a decision of a state appellate court runs from the date of the state court's opinion. *See* Sup. Ct. R. 13.3; *see also Chavers v. Sec'y, Fla. Dep't of Corr.*, 468 F.3d 1273, 1275 (11th Cir. 2006).

period should be calculated according to the "anniversary method," under which the limitations period expires on the one-year anniversary of the date it began to run).

Petitioner's Rule 3.800(c) motion for modification of sentence was filed on May 19, 2009, which is prior to commencement of the limitations period. Thus, although the limitations period was triggered on July 8, 2009, it was immediately statutorily tolled until the trial court entered its order denying petitioner's Rule 3.800(c) motion, on August 21, 2009.[3] *See Rogers v. Sec'y, Dep't of Corr.*, 855 F.3d 1274 (11th Cir. 2017), *reh'g denied*, (11th Cir. June 30, 2017) (holding that a properly filed motion for modification of sentence under Fla. R. Crim. P. 3.800(c) is a tolling motion under § 2244(d)(2)).

The federal habeas limitations period began to run on August 22, 2009, and ran for 255 days until petitioner filed his original Rule 3.850 motion on May 4, 2010. Respondent asserts that petitioner's original Rule 3.850 motion ceased to be pending on June 24, 2010, because the state circuit court treated petitioner's motion to amend as one for voluntary dismissal, and dismissed the motion without prejudice. Respondent argues:

> Unlike *Barry v. Crews*, No. 514-cv-20-RS-EMT, 2014 WL 6909410 (N.D. Fla. Dec. 9, 2014), where a post-conviction motion remained "pending" for AEDPA purposes despite being dismissed by

---

[3] The parties do not dispute that petitioner's Rule 3.800(c) motion was "properly filed" within the meaning of § 2244(d)(2).

*Case No.3:16cv267/LC/CJK*

>the state court, the instant case involves a dismissal pursuant to Petitioner's own motion, rather than dismissal for a facial insufficiency that Petitioner can cure under *Spera v. State*, 971 So.2d 754 (Fla. 2007). While dismissal consistent with *Spera* for a facial insufficiency may leave work for the state court to do in [the] form of entering a final order disposing of the motion, the granting of a voluntary dismissal leaves nothing of the kind for the state court to do. *See Christner v. State*, 984 So.2d 561, 562-63 (Fla. 2d DCA 2008). Therefore, the time subsequent to the grant of the voluntary dismissal until the next relevant filing was not tolled under the AEDPA.

(Doc. 13, pp. 6-7; Doc. 19, p. 4 and n.1). In respondent's view, the statute of limitations began running again on June 25, 2010, and ran for 17 days until petitioner filed his first amended Rule 3.850 motion on July 12, 2010, which then tolled the limitations period until March 15, 2016, when the First DCA issued its mandate on appeal. (Doc. 19, p. 4).

The court need not decide whether petitioner's Rule 3.850 proceeding ceased to be "pending" (i.e., was interrupted), when the state circuit court dismissed petitioner's original motion without prejudice. Even counting those 17 days <u>against</u> petitioner, that would bring the total days of untolled time to 272 (255 + 17), and leave petitioner 93 days to file his federal habeas petition once his Rule 3.850 proceeding concluded (365-272). Petitioner filed his federal habeas petition on June 7, 2016 (doc. 1, p. 1),[4] which was only 83 days after the First DCA issued its March

---

[4] Respondent's supplemental brief states that petitioner's federal habeas petition was filed on June 27, 2016. (Doc. 19, p. 5). The petition was filed on June 7, 2016. (Doc. 1, p. 1).

*Case No.3:16cv267/LC/CJK*

15, 2016, mandate in petitioner's postconviction appeal.[5] Petitioner's federal habeas petition is timely.

Accordingly, it is respectfully RECOMMENDED:

1. That respondent's motion to dismiss (doc. 13) be DENIED.

2. That respondent be required to file an answer within a time certain.

At Pensacola, Florida this 11th day of July, 2017.

*/s/* *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.

---

[5] The court need not decide whether petitioner's motion to recall the mandate and motion for rehearing had any tolling effect on the limitations period, because the petition is timely either way.

Case No.3:16cv267/LC/CJK